UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-23028-UU

ARTHUR GROSS, III, an individual,

                Plaintiff,

vs.

ANDREW GUZMAN, an individual; MAYRA
GUZMAN, and individual; RICK GUZMAN, an
individual; MARIA GUZMAN, an individual;
ANDREW JOAKIMSEN, an individual; JERRY
MOURELATOS, an individual; MARIA
ORTEGA, an individual; TRITON
MARKETING & ADVERTISING GROUP,
INC., a Florida corporation; MADE BY GOD,
LLC, a Florida Limited Liability Company;
MADE BY GOD FOUNDATION, INC., a
Florida Corporation; MADEBYGOD.ORG;
MADEBYGOD.NET; MBG FOUNDATION,
INC., a Florida Corporation; and MBG
FASHION LLC, a Florida Corporation;
MBG APPAREL, INC., a Florida Corporation,

                Defendants.
_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

      Defendants, MBG FOUNDATION, INC., MBG APPAREL, INC., and MAYRA

GUZMAN (hereinafter "Defendants"), by and through undersigned counsel, hereby respond to

Plaintiff's First Amended Complaint and Demand for Jury Trial [DE-8] as follows:

### ANSWER

### OVERVIEW

      Defendants admit that Plaintiff has initiated this action, but deny all other allegations

contained in this paragraph.

<u>PARTIES</u>

1.      Upon information and belief, Defendants admit that Plaintiff is a resident of Irvine, California. Defendants deny all other allegations contained in this paragraph.

2.      Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

3.      Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

4.      Defendants admit that MAYRA GUZMAN is a resident of Miami-Dade County, Florida, but deny all other allegations contained in this paragraph.

5.      Defendants deny all allegations contained in this paragraph.

6.      Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

7.      Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

8.      Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

9.      Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

10.     Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

11.     Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

12.     Defendants admit that MBG FOUNDATION, INC. is a Florida corporation with its principal place of business in Miami, Florida. Defendants deny all other allegations contained in this paragraph.

13.     Defendants admit that MBG APPAREL, INC. is a Florida corporation with its principal place of business in Miami, Florida. Defendants deny all other allegations contained in this paragraph.

14.     Defendants deny all allegations contained in this paragraph.

15.     Defendants deny all allegations contained in this paragraph.

## VENUE & JURISDICTION

16.     Defendants deny all allegations contained in this paragraph.

17.     Defendants admit that they conduct business in the State of Florida.  Defendants deny all other allegations contained in this paragraph.

18.     Defendants deny all allegations contained in this paragraph.

19.     Defendants deny all allegations contained in this paragraph.

20.     Defendants deny all allegations contained in this paragraph.

21.     Defendants deny all allegations contained in this paragraph.

22.     Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

## COMMON ALLEGATIONS

23.     Defendants deny all allegations contained in this paragraph.

24.     Defendants deny all allegations contained in this paragraph.

25.     Defendants admit that Plaintiff filed a federal service mark application, which later matured into United States Service Mark Registration No. 3,507,191, but deny all other allegations contained in this paragraph.

26.     Defendants admit that Plaintiff filed a federal trademark application, which later matured into United States Trademark Registration No. 3,951,127, but deny all other allegations contained in this paragraph.

27.     Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

28.     Defendants deny all allegations contained in this paragraph.

29.     Defendants deny all allegations contained in this paragraph.

30.     Defendants deny all allegations contained in this paragraph.

31.     Defendants deny all allegations contained in this paragraph.

32.     Defendants deny all allegations contained in this paragraph.

33.     Defendants deny all allegations contained in this paragraph.

34.     Defendants deny all allegations contained in this paragraph.

35.     Defendants deny all allegations contained in this paragraph.

36.     Defendants deny all allegations contained in this paragraph.

<u>DEFENDANTS</u>

37.     Defendants deny all allegations contained in this paragraph.

38.     Defendants deny all allegations contained in this paragraph.

39.     Defendants deny all allegations contained in this paragraph.

40.     Defendants deny all allegations contained in this paragraph.

41.     Defendants deny all allegations contained in this paragraph.

42.    Defendants deny all allegations contained in this paragraph.

43.    Defendants deny all allegations contained in this paragraph.

44.    Defendants deny all allegations contained in this paragraph.

45.    Defendants deny all allegations contained in this paragraph

46.    Defendants deny all allegations contained in this paragraph.

47.    Defendants deny all allegations contained in this paragraph.

48.    Defendants deny all allegations contained in this paragraph.

<u>VIOLATIONS OF FLORIDA STATUTE 607.0202</u>

49.    Defendants deny all allegations contained in this paragraph.

50.    Defendants deny all allegations contained in this paragraph.

<u>CYBERSQUATTING</u>

51.    Defendants deny all allegations contained in this paragraph.

52.    Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

53.    Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

54.    Defendants are without knowledge as to the allegations contained in this paragraph and therefore deny same.

55.    Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

56.    Defendants are without knowledge as to the allegations contained in this paragraph, and therefore deny same.

57.    Defendants deny all allegations contained in this paragraph.

<u>COUNT I – UNJUST ENRICHMENT</u>

58.     Defendants repeat and re-allege paragraphs 1-57 as if fully set forth herein.

59.     Defendants deny all allegations contained in this paragraph.

60.     Defendants deny all allegations contained in this paragraph.

61.     Defendants deny all allegations contained in this paragraph.

<u>COUNT II – FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE
LANHAM ACT</u>

62.     Defendants repeat and re-allege paragraphs 1-61 as if fully set forth herein.

63.     Defendants deny all allegations contained in this paragraph.

64.     Defendants deny all allegations contained in this paragraph.

65.     Defendants deny all allegations contained in this paragraph.

<u>COUNT III – UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT</u>

66.     Defendants repeat and re-allege paragraphs 1-65 as if fully set forth herein.

67.     Defendants deny all allegations contained in this paragraph.

68.     Defendants deny all allegations contained in this paragraph.

69.     Defendants deny all allegations contained in this paragraph.

<u>COUNT IV – DILUTION VIOLATION OF THE LANHAM ACT</u>

70.     Defendants repeat and re-allege paragraphs 1-69 as if fully set forth herein.

71.     Defendants deny all allegations contained in this paragraph.

72.     Defendants deny all allegations contained in this paragraph.

73.     Defendants deny all allegations contained in this paragraph.

<u>COUNT V – FALSE ADVERTISING</u>

74.     Defendants repeat and re-allege paragraphs 1-73 as if fully set forth herein.

75.     Defendants deny all allegations contained in this paragraph.

76.     Defendants deny all allegations contained in this paragraph.

77.     Defendants deny all allegations contained in this paragraph.

## COUNT VI – VIOLATION OF FLORIDA'S UNFAIR COMPETITION STATUTE

78.     Defendants repeat and re-allege paragraphs 1-77 as if fully set forth herein.

79.     Defendants deny all allegations contained in this paragraph.

80.     Defendants deny all allegations contained in this paragraph.

81.     Defendants deny all allegations contained in this paragraph.

## COUNT VII – CIVIL ACTION UNDER FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

82.     Defendants repeat and re-allege paragraphs 1-81 as if fully set forth herein.

83.     Defendants deny all allegations contained in this paragraph.

84.     Defendants deny all allegations contained in this paragraph.

85.     Defendants deny all allegations contained in this paragraph.

86.     Defendants deny all allegations contained in this paragraph.

87.     Defendants deny all allegations contained in this paragraph.

## COUNT VIII – VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

88.     Defendants repeat and re-allege paragraphs 1-87 as if fully set forth herein.

89.     Defendants deny all allegations contained in this paragraph.

90.     Defendants deny all allegations contained in this paragraph.

91.     Defendants deny all allegations contained in this paragraph.

92.     Defendants deny all allegations contained in this paragraph.

93.     Defendants deny all allegations contained in this paragraph.

94.     Defendants deny all allegations contained in this paragraph.

95.     Defendants deny all allegations contained in this paragraph.

<u>COUNT IV – VIOLATIONS OF FLORIDA STATUTE § 607.0202</u>

96.     Defendants repeat and re-allege paragraphs 1-95 as if fully set forth herein.

97.     Defendants deny all allegations contained in this paragraph.

98.     Defendants deny all allegations contained in this paragraph.

99.     Defendants deny all allegations contained in this paragraph.

100.    Defendants deny all allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

For their affirmative defenses, Defendants hereby incorporates paragraphs 1 through 52 of Defendant's counterclaims herein and allege as follows:

101.    As their First Affirmative Defense, Defendants allege that Plaintiff lacks standing to maintain this action in whole or in part, in that Plaintiff does not own the marks alleged herein.

102.    As their Second Affirmative Defense, Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

103.    As their Third Affirmative Defense, Defendants allege that Plaintiff has failed to join an indispensable party, and if anyone is liable for the claims alleged by Plaintiff, they are not currently parties to the action.

104.    As their Fourth Affirmative Defense, Defendants allege that any use of the MADE BY GOD mark and name was authorized under the Fair Use Doctrine.

105.    As their Fifth Affirmative Defense, Defendants allege that Plaintiff's United States Trademark Registrations, asserted against Defendants herein, were obtained through fraud and are otherwise invalid and subject to cancellation.

106.    As their Sixth Affirmative Defense, Defendants allege that Plaintiff's United States Trademark Registrations, asserted against Defendants herein, are subject to cancellation because Plaintiff is not the owner of the subject marks and because Plaintiff does not maintain the requisite use of the marks in connection with the recited goods and services alleged to obtain the registrations.

107.    As their Seventh Affirmative Defense, Defendants allege that any alleged confusion caused by any of Defendants' alleged acts was *de minimis*.

108.    As their Eighth Affirmative Defense, Defendants allege that Plaintiff has suffered no damages and has failed to mitigate damages, if any.

109.    As their Ninth Affirmative Defense, Defendants allege that at all times material hereto, they acted in good faith and in a commercially reasonable and lawful manner.

110.    As their Tenth Affirmative Defense, Defendants allege Plaintiff's claims are barred in whole or in part by reason of Plaintiff's unclean hands.  Upon information and belief Made by God Corporation is currently suspended in the State of California, but is held out by Plaintiff to the public as a currently active corporation.

111.    As their Eleventh Affirmative Defense, Defendants allege that Plaintiff has not suffered any irreparable injury.

112.    As their Twelfth Affirmative Defense, Defendants allege that the statute of limitations partially or entirely bars some claims and remedies sought by Plaintiff.

113.    As their Thirteenth Affirmative Defense, Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have additional, but as-yet-unstated, affirmative defenses available. Accordingly, Defendants hereby reserve the right to

assert additional affirmative defenses in the event they determine that such defenses are appropriate.

## MBG APPAREL, INC.'S COUNTERCLAIMS

Counterclaim-Plaintiff, MBG APPAREL, INC. ("MBGA"), hereby alleges the following counterclaims for declaratory judgment and cancellation of Counterclaim-Defendant, ARTHUR GROSS, III ("GROSS")'s United States Trademark Registrations, and further states:

### PARTIES, JURISDICTION, AND VENUE

1.      MBGA is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Its officers are Mayra Guzman and Maria Ortega.

2.      Upon information and belief, GROSS is an individual residing in Irvine, California.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

4.      Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), in that this action arises under the federal Lanham Act/Trademark Act, 15 U.S.C. §101 *et seq.*, federal common law, the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and other federal law.

5.      In the alternative, *in personam* jurisdiction is proper under Rule 4(K)(2), Fed. R. Civ. P., because GROSS filed suit against MBGA who conducts business in this jurisdiction, alleged acts to have been taken place in this District, and because GROSS claims to do business in this judicial district and otherwise have minimum contacts herein.

<u>COMMON ALLEGATIONS</u>

6.      MBGA has a *bona fide* intent to use the trademark MADE BY GOD in the United States in connection with clothing products and charitable services ("intended goods and services"), and has acquired the following domain names for use therefor: www.madebygod.com, www.madebygod.org, and www.madebygod.net.

7.      MBGA categorically denies that its intended use of the mark may violate any federal or other rights GROSS claims to have in the name and mark MADE BY GOD.

<u>GROSS's MARKS</u>

8.      GROSS claims to offer various products for sale under the trademark MADE BY GOD in the United States, such as panties, temporary tattoos, textile labels, bras, sports bras, shorts, briefs, shorts, shirts, sport shirts, T-shirts, cloth bibs, infant wear, straps for bras, sweat shorts, pants, and textile diapers ("alleged products"), as well as the services of promoting public awareness of God ("alleged services").

9.      GROSS alleges to own United States Service Mark Registration Number 3,507,191 ("U.S. Reg. 3,507,191") for the mark MADE BY GOD for use in connection with "*promoting public awareness in God*" in International Class 35. ***Exhibit "A."***

10.      GROSS alleges to own United States Trademark Registration Number 3,951,127 ("U.S. Reg. 3,951,127") for the mark MADE BY GOD for use in connection with "*bras; sports bra; panties; panties, shorts, and briefs; shorts; shirts; sport shirts; sports shirts; T-shirts; cloth bibs; infant wear; straps for bras; sweat shorts; pants; textile diapers*" in International Class 25; "*textile labels*" in International class 24; and "*temporary tattoos*" in International Class 16. ***Exhibit "B."***

11.     As a result thereof, GROSS has claimed superior rights of ownership to the trademark MADE BY GOD in connection with the alleged products and alleged services.

12.     On April 9, 2011, GROSS filed a United States Trademark Application Serial No. 85/290,918 ("U.S. App. 85/290,918") on an intent-to-use basis for the mark MADE BY GOD for use in connection with "*magnetic coded gift cards; magnetic identifying cards; magnetically encoded credit cards; magnetically ended debit cards; magnetically encoded identity cards; magnetically encoded key cards*" in International Class 009.

13.     GROSS's Trademark Registration Numbers 3,507,191 and 3,951,127 are invalid as a matter of law, because the term "Made by God," as allegedly used by GROSS, is not entitled to any federal trademark registration or trademark protection.

14.     GROSS's mark MADE BY GOD, as used by GROSS, disparages or falsely suggests a connection with beliefs, bringing them into contempt or disrepute. Furthermore, it is regarded as immoral or scandalous. Said mark is barred from registration pursuant to Lanham Act § 2(a), 15 U.S.C.A. § 1052(a).

15.     The mark MADE BY GOD, as used by GROSS, is offensive to a segment of the public sense of propriety or morality. A portion of the remaining segment of the public deems the mark to have a misleading connotation and as being deceptively misdescriptive.

16.     Nonetheless, GROSS should not be permitted a monopoly over the terms and phrases "God," "Made by God," or "Made by God."

17.     The designation of "Made by God" is not inherently distinctive.

18.     GROSS has admitted that the terms "Made by ___" or "Made in ___" are commonly used. (A copy of GROSS's webpage is attached hereto as *Exhibit "C"*).

19. GROSS's mark MADE BY GOD has become diluted, as a result of its admitted widespread use in many industries.

20. The designation of MADE BY GOD has not acquired secondary meaning. Moreover, it is not a famous mark, and the public does not identify the designation of MADE BY GOD with GROSS.

21. Contrary to GROSS's allegations, there is no likelihood of confusion between GROSS's mark and MBGA's mark.

22. All conditions precedent to this action have been satisfied, have occurred, have been waived, or have been excused.

23. As direct and proximate result of GROSS's actions, MBGA was forced to retain the undersigned counsel to represent it in this action and is obligated to pay it reasonable attorneys' fees.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

MBGA re-allege and reincorporate all facts and allegations as asserted in its Answer, Affirmative Defenses, and Counterclaim as set forth fully at length above, and alleges further:

24. This action arises under 28 U.S.C. §§ 2201 and 2202 for declaratory judgment.

25. There exists a real and present controversy between the parties whether under the federal Lanham Act, Title 15, MBGA is infringing upon, diluting or unfairly competing with GROSS's federally registered trademark directed to MADE BY GOD.

26. There exists a real and present controversy between the parties whether there is any actual confusion, or a likelihood of confusion between MBGA's marks and GROSS's marks, and the parties' rights in relation to the mark.

27.    GROSS has claimed superior rights of ownership to the trademark MADE BY GOD in connection with the alleged products and alleged services.

28.    GROSS has no protectable interest in his alleged mark, and because MBGA's use of the name does not infringe upon, dilute, or unfairly compete with GROSS's alleged mark.

29.    Furthermore, MBGA has not registered, used, or "traffics in" a domain name that is identical or confusingly similar to or otherwise dilutive of GROSS's alleged mark.  Nor has MBGA used such a domain name with a bad faith intent to profit from GROSS's alleged mark under 15 U.S.C. § 1125(d).

30.    MBGA is in need of a judicial resolution and declaration of the rights of the respective parties in order to plan for the future of its business.

31.    The entire controversy between the parties is subject to resolution by this court.

<u>COUNT II – CANCELLATION OF REG. NO. 3,507,191</u>

32.    MBGA adopts and incorporates Paragraphs 1-31 as if fully alleged herein.

33.    GROSS intentionally made a misrepresentation when submitting to the United States Patent and Trademark Office ("USPTO") substitute specimen supported by a statement verified with a signed declaration under 37 C.F.R. §2.20, that the "substitute specimen was in use in commerce at least as early as the filing date of the application" for U.S. Reg. 3,507,191.

34.    GROSS misrepresented the date of first use of the mark in commerce.

35.    GROSS has not established or maintained the requisite use of the mark MADE BY GOD in the United States in connection with the services identified in Reg. 3,507,191 to support the registration.

36.    GROSS is not the owner of the mark which is the subject of Reg. 3,507,191.

14

37.     The misrepresentations were made with the specific intent to induce reliance by USPTO, and were material to, and reasonably relied upon by the USPTO in its decision to allow registration of Reg. No. 3,507,191.

38.     GROSS obtained Reg. 3,507,191 in bad faith merely to reserve a right in the mark.

39.     GROSS's Reg. 3,507,191 was obtained by fraud, and is invalid and subject to cancellation.

40.     GROSS did not acquire trademark rights by virtue of the use alleged in its trademark application for Reg. 3,507,191.

COUNT III – CANCELLATION OF REG. 3,951,127

41.     MBGA adopts and incorporates Paragraphs 1-40 as if fully alleged herein.

42.     U.S. Reg. 3,951,127 is invalid and subject to cancellation, because GROSS's mark, as allegedly used by GROSS, is not entitled to a federal trademark registration pursuant to Lanham Act § 2(a), 15 U.S.C. § 1052(a), because it consists of or comprises immoral or scandalous matter; or matter which may disparage or falsely suggest a connection with beliefs, or bring them into contempt, or disrepute.

43.     U.S. Reg. 3,951,127 is invalid and subject to cancellation, because the mark, as allegedly used by GROSS, is not entitled to a federal trademark registration pursuant to Lanham Act § 2(e), 15 U.S.C. § 1052(e), because it consists of a mark which, when used on or in connection with Plaintiff's goods, is deceptively misdescriptive of them.

44.     GROSS misrepresented the date of first use of the mark in commerce.

45.     GROSS has not established or maintained the requisite use of the mark in commerce in connection with the goods and services identified in Reg. No. 3,951,127 to support the registration.

46.     GROSS obtained U.S. Reg. 3,951,127 in bad faith merely to reserve a right in the mark.

47.     GROSS is not the owner of the mark which is the subject of Reg. No. 3,951,127.

48.     GROSS's U.S. Reg. 3,951,127 was obtained by fraud, and is invalid and subject to cancellation.

49.     GROSS did not acquire trademark rights by virtue of the use alleged in its trademark application for U.S. Reg. 3,951,127.

<u>COUNT IV – CANCELLATION OF ANY REGISTRATION RESULTING FROM U.S. APP. 85/290,918</u>

50.     MBGA adopts and incorporates Paragraphs 1-49 as if fully alleged herein.

51.     The term "Made by God," as allegedly used by GROSS, is not entitled to a federal trademark registration of U.S. App. 85/290,918.

52.     Any registration resulting from U.S. App. 85/290,918 should be cancelled.

<u>PRAYER FOR RELIEF</u>

For these reasons, MBGA asks for declaratory judgment against GROSS for the following:

a.   Declaring that MBGA's use of the MADE BY GOD mark does not infringe upon any of GROSS's alleged marks, including without limitation, GROSS's Trademark Registration Numbers 3,507,191 and 3,951,127, and U.S. Application Serial No. 85/290,918;

b.   Declaring that MBGA's use of the MADE BY GOD mark does not cause the dilution of any of GROSS's alleged marks, including without limitation, GROSS's Trademark

Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918;

c.   Declaring that MBGAøs use of the MADE BY GOD mark does not unfairly compete with any of GROSS's alleged marks, including without limitation, GROSSøs Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918;

d.   Declaring that GROSSøs Trademark Registration Numbers 3,507,191 and 3,951,127 are invalid as a matter of law, because the marks are not entitled to any federal trademark registration or trademark protection under the Lanham Act and are therefore subject to cancellation;

e.   Declaring that GROSSøs U.S. Application Serial No. 85/290,918 is not entitled to any federal trademark registration or trademark protection under the Lanham Act and is therefore subject to opposition and abandonment;

f.   Declaring that GROSS's alleged marks, including without limitation, GROSSøs Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918 are not inherently distinctive;

g.   Declaring that GROSS's alleged marks, including without limitation, GROSSøs Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918 have not acquired secondary meaning;

h.   Declaring that no likelihood of confusion exists between MBGAøs mark and any of GROSS's alleged marks, including without limitation, GROSSøs Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918;

i.   Declaring that GROSS has no right to enforce GROSS's alleged marks, including without limitation, GROSS's Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918, against MBGA;

j.   Declaring that GROSS's alleged marks, including without limitation, GROSS's Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918, as used by GROSS, disparage or falsely suggest a connection with beliefs, bringing it into contempt or disrepute;

k.   Declaring that GROSS's alleged marks, including without limitation, GROSS's Trademark Registration Number 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918, as used by GROSS, are regarded as immoral or scandalous;

l.   Declaring that GROSS's alleged marks, including without limitation, GROSS's Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918, as used by GROSS, are offensive to a segment of the public sense of propriety or morality;

m.   Declaring that GROSS's alleged marks, including without limitation, GROSS's Trademark Registration Numbers 3,507,191 and 3,951,127 and U.S. Application Serial No. 85/290,918, as used by GROSS, are deemed to be deceptively misdescriptive;

n.   For this Honorable Court to enter a decree and order certified by this Honorable Court to the Commissioner of Trademarks directing the Commissioner to rectify the USPTO register with respect to GROSS's Trademark Registration Numbers 3,951,127 and 3,507,191 by cancelling same and making appropriate entry upon the records of the USPTO;

o. Cancellation of any registration stemming from GROSS¢s U.S. Application Serial No. 85/290,918;

p. Declaring that MBGA has not registered, used, or "traffics in" a domain name that is identical or confusingly similar to or otherwise dilutive of GROSS¢s alleged mark.  Nor has MBGA used such a domain name with a bad faith intent to profit from GROSS¢s alleged mark under 15 U.S.C. § 1125(d);

q. Taxable costs and reasonable attorneys¢ fees recoverable by law;

r. Such other and further relief as the Court deems necessary or proper pursuant to 28 U.S.C. §§ 2201, 2202 or otherwise.

## DEMAND FOR TRIAL BY JURY

Counterclaim Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 25th day of January, 2012 .

Respectfully Submitted,

SANTUCCI PRIORE, P.L.
*Counsel for Defendants*
*and Counterclaim Plaintiff*
200 South Andrews Avenue
Suite 100
Fort Lauderdale, FL 33301
Telephone:  (954) 351-7474
Facsimile:  (954) 351-7475

By:      /s/ Daniel Devine/
Daniel Devine, Esq.
Florida Bar No.: 92342
E-mail: ddevine@spl-law.com

<u>**CERTIFICATE OF SERVICE**</u>

     I HEREBY CERTIFY that on this 25th day of January, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    /s/ Daniel Devine/_____
           Daniel Devine, Esq.
           Florida Bar No.: 92342
           E-mail: ddevine@spl-law.com

ARTHUR GROSS, III, v. ANDREW GUZMAN, *et al*.
CASE NO. 11-CV-23038-UNGARO
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

## SERVICE LIST

Arthur Gross, III, *Pro Se* Plaintiff
12 Medici Aisle, Irvine, CA 92606
art@magnumcellars.com.
Service via e-mail.