UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23028-CIV-ROSENBAUM/SELTZER

ARTHUR GROSS, III,

    Plaintiff,

vs.

ANDREW GUZMAN, *et al.*,

    Defendants.
_____/

### ORDER DENYING MOTION FOR DEFAULT JUDGMENT

This cause is before the Court upon Plaintiff's Motion for Default Judgment [D.E. 100]. On July 30, 2012, this Court approved the withdrawal of Defendants' Counsel and ordered Defendants to obtain new counsel or, if appropriate, file notices of intent to appear *pro se* no later than August 20, 2012. D.E. 91. Defendants failed to comply with the Order by the deadline, and on August 28, 2012, Plaintiff filed his Motion for Default Judgment. D.E. 100. On September 12, 2012, Defendants filed a motion [D.E. 105] to extend the deadline for retaining new counsel, which the Court granted on September 20, 2012. D.E. 107. New Counsel for Defendants entered an appearance on September 25, 2012. D.E. 110.

Entry of a default judgment is a matter left to the trial court's discretion. *See, e.g.*, *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Although the Federal Rules of Civil Procedure permit a court to enter a default judgment when a party has "failed to plead or otherwise defend" an action, Fed. R. Civ. P. 55(a), default remedies are to be used "sparingly." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002). "Entry of a judgment by default is a drastic remedy which should be used only in extreme situations." *Wahl*, 773 F.2d at 1174. Default

judgments are particularly disfavored because they "deprive a litigant of his day in court" and circumvent "the strong policy of determining cases on their merits." *Id.*; *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)).

When considering whether to set aside a default, courts also consider whether the defaulting party acted within a reasonable time to correct the default. *See EEOC v. Mike Smith Pontiac GMC, Inc.*, 986 F.2d 524, 527-28 (11th Cir. 1990) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)); *Rogers v. Allied Media, Inc.* (*In re* Rogers), 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993). Courts generally agree that a period of up to one month from the entry of default "is not per se unreasonable." *Rogers*, 160 B.R. at 252; *see, e.g.*, *Kilpatrick v. Town of Davie*, No. 08-60775-CIV, 2008 WL 3851588, at *2 (S.D. Fla. Aug. 15, 2008) (responding within three weeks was reasonable).

Here, Plaintiff never moved for a Clerk's entry of default under Rule 55(a), Fed. R. Civ. P., prior to filing his Motion for Default Judgment. Thus, no default was ever entered against Defendants. Nevertheless, had a default been entered, Defendants retained counsel and cured the default within a month of when they defaulted. Because default judgments are particularly disfavored, and Defendants' default has been remedied, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Default Judgment [D.E. 100] is **DENIED AS MOOT**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 28th day of September 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Arthur Gross, III, *pro se*
12 Medici Aisle
Irvine, CA 92606