UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23028-CIV-ROSENBAUM/SELTZER

ARTHUR GROSS, III,

    Plaintiff,

vs.

ANDREW GUZMAN, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLEADINGS AND DISMISS AMENDED COMPLAINT

This cause is before the Court upon Defendants' Motion to Strike Plaintiff's Pleadings and to Dismiss Amended Complaint, Under Rule 4 Governing the Admission and Practice of Attorneys, for Fraud upon the Court [D.E. 125]. On October 8, 2012, Defendants filed their Motion asserting that it is "manifestly apparent" that an "unknown attorney" is purporting to sign and file pleadings under *pro se* Plaintiff's name. According to Defendants, this "unknown attorney" is acting in such a manner to avoid the attorney admission requirements of this Court. Defendants support their assertion by claiming that the number of Plaintiff's filings "is typical of an established law firm" and that Plaintiff's pleadings "assert sophisticated legal positions [and], cite legal precedent and Court rules in support of such positions," and thus "reflect the work product of a trained legal professional, or someone working under the supervision of a trained legal professional (e.g. law student, paralegal or junior associate attorney)." D.E. 125 at 5. Defendants request that this Court dismiss Plaintiff's Complaint on the basis of this so-called fraud.

The competent quality of a party's pleadings is not a basis for striking them. Defendants have offered no evidence that indicates someone other than Plaintiff has been filing documents on

his behalf, and except for the lone mention of a law firm during discovery, Defendants have offered no evidence that Plaintiff is even in contact with someone who is providing him with legal advice. Nevertheless, assuming for the sake of argument that Plaintiff is receiving legal advice (which by itself violates no rule), no one but Plaintiff has entered an appearance in this Court on Plaintiff's behalf.  Therefore, Rule 4 of the Special Rules Governing the Admission and Practice of Attorneys of the Local Rules of this Court  is inapplicable.  And in any event, Rule 4 does not provide the basis for dismissing a complaint.  At most, it creates an issue for the bar regulating the alleged covertly practicing attorney. There is certainly nothing here that requires, let alone permits, this Court to dismiss Plaintiff's case based on Defendants' respect for the quality of Plaintiff's briefs.

Accordingly, it is **ORDERED and ADJUDGED** Defendants' Motion to Strike Plaintiff's Pleadings and to Dismiss Amended Complaint, Under Rule 4 Governing the Admission and Practice of Attorneys, for Fraud upon the Court [D.E. 125] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 9th day of October 2012.

*Robin S. Rosenbaum*
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:
    Counsel of Record

    Arthur Gross, III, *pro se*
    12 Medici Aisle
    Irvine, CA 92606